IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Westfield Franklin Park Mall LLC,                    Case No. 3:08CV2359

    Plaintiff

v.                                                   ORDER

Vanity Shop of Grand Forks, Inc.,

    Defendant

    This is a suit between a landlord and a former tenant which vacated retail premises it had leased from the landlord. The landlord filed this action to collect rent in the Toledo Municipal Court. The tenant removed the action to this court. Pending is the tenant's partial motion to dismiss or stay. [Doc. 3].

    The lease contains a rent acceleration clause, the terms of which permit the landlord to obtain a judgment for the rent that would become due and owing for the balance of the lease. The lease expires June 30, 2011.

    The tenant seeks dismissal of the landlord's claim for monies due under the rent acceleration clause on the basis that any recovery would be speculative, in derogation of the landlord's obligation to mitigate damages, and give, in the event the premises were re-let, a windfall to the landlord.

    The lease contains a mitigation provision: "Landlord shall use its reasonable efforts to mitigate its damages hereunder; however the failure or refusal of Landlord to relet the Premises shall not affect Tenant's liability."

    The tenant perceives two problems with this provision. First, in its view, it gives the landlord the unfettered right to turn down any prospective tenant and stick the tenant with the remaining rent

obligation. Second, it provides no mechanism for crediting the tenant with any rental income that the landlord may realize when and if it re-lets the premises.

The tenant's first assertion disregards the fundamental maxim that "contracts must be given a just and reasonable construction in order to carry out the presumed intent of the parties." *E.S. Preston Associates, Inc. v. Preston*, 24 Ohio St.3d 7, 10 (1986).

The mitigation provision expressly obligates the landlord to seek to mitigate. In the context of commercial retail premises, this means that the landlord has to act in a commercially reasonable manner to try to get and retain another tenant.

All that the refusal clause – if read reasonably and in conjunction and consistently with the mitigation clause – does is to permit the landlord to use reasonable commercial judgment in determining whether to rent to a successor tenant. Its mere refusal, without more, does not relieve the former tenant of its continuing rent obligations. If the refusal is reasonable – because, for example, the nature of the proposed use conflicted with the rights of other tenants, or was unlawful or otherwise undesirable, or the successor tenant was not likely to be able to pay the rent – the landlord won't be deemed to have failed to mitigate by not re-letting the premises.

On the other hand, nothing in this provision, if read reasonably, relieves the landlord of its obligation to try to mitigate its damages by re-letting the premises to a suitable tenant.

To the extent that the tenant claims that this provision gives the landlord an incentive to leave the premises vacant, it disregards commercial realities. No landlord wants to bank on the collectability of rent from a former tenant who left, or is likely to turn down a suitable rent-paying tenant simply because it has a judgment against a departed occupant. Cash coming in is always worth more than a judgment on the court's rolls.

Nor is the lack of a fixed mechanism for ensuring that the former tenant gets credit for a later tenant's rent grounds to grant the former tenant's partial motion to dismiss. The parties can, and no doubt would, present expert proof as to what would constitute commercially reasonable efforts to get a new tenant, within what period the particular premises would likely be rented and the likely income from a new tenant.

The task for the fact-finder is, therefore, is simply to determine what the landlord's future loss of income is likely to be. Jurors determine future damages in many other types of cases. That there is uncertainty about what the future will in fact bring is no reason to preclude the landlord's claim under the acceleration clause in this case.

The jury's determination of what could be realized through commercially reasonable efforts to re-let the premises will, in any event, protect the tenant from underwriting a windfall to the landlord.[1]

Nothing in the case law cited by the tenant conflicts with the result I reach here. The lease in *Frank Nero Auto Lease v. Townsend*, 64 Ohio App.2d 65 (1979), excused the duty to mitigate; here that duty is express. Indeed, the opinion in *Townsend* confirms the enforceability of rent acceleration clauses unless the result is to impose a penalty. *Id*. at 71-72.

The lease in *Master Lease of Ohio, Inc. v. Andrews*, 20 Ohio App.3d 217, 220 (1984), was for office equipment which the lessor repossessed and sold. The court upheld a rent acceleration clause, noting that the lessee had been credited, as required by the lease, with the proceeds of the

---

[1] If, during the pendency of this suit, the landlord finds a tenant, that happy outcome would, of course, eliminate any guesswork.

sale. Though the lease required such credit, that case involved property which, unlike the premises here, could be resold, rather than merely re-let.

The court's opinion in *Master Lease* contains no declaration that enforcement of a rent acceleration clause depends on an anticipatory mechanism for figuring out how to offset future income against the amount due under the acceleration clause. In *Argawal v. Mulligan*, 2004-Ohio-4574 (Ohio App. 2004), a residential lease did not contain a rent acceleration clause. At issue here is a commercial lease between business entities with such a clause.

In *Centennial Equities Corp. v. Wizard Group, Inc.*, 1994 WL 86207 (Ohio App.), the lease contained a provision requiring the landlord to credit the tenant with future rent obtained on re-letting of the premises. The absence of an express provision to that effect here neither relieves the landlord of that obligation nor justifies repudiation of the rent acceleration clause. Even if the lease does not mandate an offset, the law does. *See Manor Park Apts., L.L.C. v. Delfosse* 2006 WL 3772214, 2 (Ohio App.) ("rental income from the new tenant would offset the rental payments [landlord] lost due to [tenant's] failure to pay rent.").

For the foregoing reasons, it is

ORDERED THAT defendant's partial motion to dismiss [Doc. 3] be, and the same hereby is denied.

A scheduling conference is set for January 26, 2009 at 12:30 p.m.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
